ANAN SOKKER,

      Plaintiff,

vs.

RIZON EAST ASSOCIATION, INC., PHILLIP BAYER & CHRIS POURRIS,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE is before the Court on Defendants' Motion to Dismiss at docket entry 11. The Motion has been fully briefed. For the reasons set forth below, Defendants' Motion is granted.

### I. BACKGROUND

Plaintiff is an African-American woman of the Muslim faith. DE 1 at 1. Plaintiff was a tenant leasing a certain condominium in the town of Palm Beach. *Id.* The homeowner's association for that condominium, Rizon East Homeowner's Association, Inc. ("Rizon"), is a Defendant in this case. *Id.* at 2. Plaintiff's lease expired on November 15, 2015. *Id.* Although Plaintiff's landlord approved Plaintiff for a renewal of her lease, Rizon did not. *Id.* at 3. Rizon's authority to deny Plaintiff an extension of her lease was derived from the terms of the lease itself. Specifically, paragraph twenty of Plaintiff's lease (which is attached to her complaint) is conditioned upon Rizon's approval. *Compare* DE 1-1 at 9 (conditioning the lease upon Rizon's approval, "if applicable," *with* DE 1-4 at 2 (stating that a person who leases a unit must have board approval). Plaintiff alleges that she was denied a renewal of her lease because she is

African-American and because she is of the Muslim faith. *See generally* DE 1. Rizon's asserted reasons for denying Plaintiff a renewal are attached to Plaintiff's complaint and include the following:

1. Excessive noise complaints from Plaintiff's neighbors.
2. Cans and cigarettes being "tossed" from Plaintiff's balcony down onto a pool deck.
3. Plaintiff's boyfriend's status as an undocumented resident.
4. Aggressive language that Plaintiff's boyfriend used towards another tenant on multiple occasions.
5. The contention that Plaintiff and her boyfriend had an argument in a stairwell, observed by a Rizon board member, in which Plaintiff and her boyfriend "slapped" each other and made "quite a commotion" which, as Rizon contends, could have resulted in law enforcement action.

DE 1-2 at 2. After Rizon denied Plaintiff's renewal, Plaintiff filed the instant case.

Plaintiff has brought the following counts: Violation of the Fair Housing Act against Defendant Rizon (Count I), Violation of the Fair Housing against individual Rizon board members (Count II), Violation of 42 U.S.C. § 1982 against Rizon (Count IV),[1] violation of 42 U.S.C. § 1982 against individual Rizon board members (Count V), Intentional Interference with a Contractual Relationship against Rizon (Count VI), Intentional Interference with a Contractual Relationship against individual board members (Count VII), Intentional Interference with an Advantageous Business Relationship against Rizon (Count VIII), and Intentional Interference with an Advantageous Business Relationship against individual board members (Count IX).

## II. STANDARD OF REVIEW

In considering a motion to dismiss, the Court must accept the allegations in a complaint as true and construe them in a light most favorable to the plaintiffs. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012). At the pleading stage, the Complaint need only contain a

---
[1] A third count does not appear in Plaintiff's Complaint.

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). All that is required is that there are "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

### III. ANALYSIS

Defendants raise arguments against Plaintiff's federal and state law claims. At present, the Court narrows its analysis[2] to Defendants' argument against Plaintiff's federal claims because, in the event Plaintiff cannot bring a valid claim for relief under a federal statute, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Defendants argue that Plaintiff's federal claims—each of which necessarily requires that Plaintiff was unlawfully discriminated against—are not premised on sufficient allegations that she was denied housing on the basis of her race or on the basis of her religion.[3] The Court agrees. Under *Twombly*, Plaintiff is "obligated to provide grounds of his or her entitlement to relief which requires more than labels, conclusions and a formulaic recitation of the elements of a cause of action." Upon review of Plaintiff's Complaint, Plaintiff's allegations of unlawful discrimination are difficult to discern. At best, Plaintiff's allegations are conclusory. For example, the attachments to Plaintiff's Complaint support the contention that she was denied housing for: excessive noise, littering the common pool with beer cans and cigarettes, having an undisclosed resident in her unit, and altercations that her undisclosed resident (her boyfriend) had with Plaintiff's neighbors. Plaintiff alleges a discriminatory animus for her non-renewal on the grounds that (i) other residents consumed beer and smoked cigarettes and (ii) that a background

---

[2] Because the Court does not reach Defendants' arguments against Plaintiff's state law claims, Defendants may raise those arguments again in any subsequent motion to dismiss.

[3] The Court rejects Defendants' argument that Plaintiff has failed to plead that housing was available to her and that she was qualified for that housing. Plaintiff has pled that her landlord approved her for a renewal on her lease. DE 1 at 3. Viewing all factual inferences in Plaintiff's favor, that is sufficient for Plaintiff to plead that housing was available and that she was qualified for that housing.

check requirement was manufactured specifically to justify her non-renewal. The Court cannot square these limited allegations with the remainder of the allegations in the Complaint.

First, Plaintiff does not allege that other (white) residents littered the pool with beer cans and cigarettes, she only alleges that other (white) residents consumed beer and smoked cigarettes. Second, Plaintiff does not specifically refute that she caused excessive noise, had an undisclosed resident, or that her undisclosed resident engaged in altercations with her neighbors. Similarly, the Court does not understand how Defendants' alleged use of a pretextual background check is connected to their alleged discrimination, when the basis for their non-renewal appears to include many grounds unrelated to a background check. Plaintiff must allege facts that show her claims are plausible on the face of the pleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-69 (2009). Stated succinctly, the Court simply cannot discern the concrete, factual allegations that Plaintiff premises her claim upon that show that Defendants' actions against her were motivated by her race or religion.

The case of *Jackson v. Park Place Condominium Association, Inc.*, is instructive. 619 F. App'x 699 (10th Cir. 2015). In *Jackson*, the plaintiff sought damages from the association and board members based on race discrimination. *Id.* at 701. The plaintiff identified instances of discrimination including when "unidentified Board members accused [plaintiff] of playing 'loud black music,' turning her TV volume up too high, speaking too loudly, flushing her toilet too often, and making too much noise walking around the condominium." *Id.* at 701-02. The court stated that:

> Although as an African-American, [plaintiff] is a member of a protected group, she cannot establish that she suffered harassment **because of** her membership in that group. She has not claimed that Park Place or any of its Board members used any ethnic or racial slurs against or around her, or that any of the alleged harassment **directly referenced** her race. While she claims that an unidentified HOA member accused her of playing 'loud black music,' we agree with the

4

> district court that there is nothing in the record indicating that her neighbors and the HOA's concerns **related to the type of music** she played. Rather, [the lawsuit] complained of the volume and the time of day [plaintiff] played the music.

*Id.* at 703 (emphasis added). Here, in the instant case, the allegations of unlawful discrimination are even more attenuated than the insufficient record evidence in *Jackson*. The Court is unable to plausibly connect Plaintiff's conclusory allegations of unlawful discriminatory intent with Defendant's alleged actions. For these reasons, Defendants' Motion to Dismiss is granted insofar as Plaintiff's Complaint is dismissed without prejudice. Plaintiff was on notice of the deficiencies in her Complaint as early as July 5, 2017 (the date of the Motion) and the deadline to amend pleadings in this case was November 20, 2017. Nonetheless, Plaintiff has not heretofore attempted to amend her Complaint. Because the Court's decision comes after the deadline to amend pleadings, however, Plaintiff shall be afforded an opportunity to amend. Plaintiff shall have seven (7) days from the date of rendition of this Order to amend her Complaint. In the event Plaintiff fails to comply with this Order by filing an amended complaint, the Court's dismissal will be with prejudice.

## IV. CONCLUSION

It is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [DE 11] is **GRANTED** insofar as Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall file an amended complaint within seven (7) days of the date of rendition of this Order.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida, this 13th day of December, 2017.

ROBIN L. ROSENBERG
United States District Court Judge